UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

IBEW LOCAL 494,

       Plaintiff,

  v.                                     Case No. 26-CV-123

VETERANS ELECTRIC, LLC

       Defendant.

**APPLICATION AND COMPLAINT TO CONFIRM
AND ENFORCE ARBITRATION AWARD**

IBEW Local 494, by its attorneys, The Previant Law Firm, S.C., by Jill M. Hartley, hereby moves the Court to confirm and enforce an arbitration award against Veterans Electric, LLC. In support of its Motion and Application, the Union alleges as follows:

1.      This is an action to confirm and enforce an arbitration award arising under a collective bargaining agreement. The Court has subject matter jurisdiction pursuant to §301 of the Labor Management Relations Act of 1047, as amended, 29 U.S.C. §185, 9 U.S.C. §1 *et seq.,* and 28 U.S.C. §1337.

2.      IBEW Local 494 ("the Union") is a labor organization representing employees in an industry affecting commerce, within the meaning of §2(5) of the Labor Management Relations Act, 29 U.S.C. §152(5). The Union maintains its principal place of business at 3303 South 103rd Street, Milwaukee, WI 53227. The Union conducts its business throughout southeastern Wisconsin, including within the Eastern District of Wisconsin.

3.      Veterans Electric, LLC ("the Company") is an employer within the meaning of §2(2) of the Labor Management Relations Act, 29 U.S.C. §152(2).  The Company maintains its principal place of business at S13W33650 US Hwy 18, Delafield, WI 53018.

4.      Venue is proper in the Eastern District of Wisconsin because the Company and the Union do business within and have significant contacts with this judicial district and because the arbitration award underlying this Complaint was issued in the Eastern District of Wisconsin.

5.      The Union has been parties to a series of multi-employer Collective Bargaining Agreement with the Electrical Contractors Association, Milwaukee Chapter, N.E.C.A., Inc. ("the Agreement").  The Agreement in effect at the time the grievance was filed was effective June 1, 2021, through May 31, 2022 and is attached as Exhibit A.  The successor Agreement at the time the grievance was heard was effective beginning May 29, 2022, and extends through May 31, 2027. A copy of the successor Agreement is attached as Exhibit B.

6.      The Company was at all times relevant to this dispute bound to both the 2021-2022 Agreement and the 2022 – 2027 Agreement.

7.      Article I of both the current and predecessor Agreements provides for the resolution of grievances by a Labor-Management Committee ("the Committee") comprised of three representatives of the Union and three representatives of the Employers' Association.

8.      The Committee is authorized under the Agreement to hear and decide all grievances or questions in dispute referred to the Committee and to decide such matters by majority vote.

2

9.     On  July 12, 2021, the Union filed a grievance against the Company alleging that the Company violated the parties' Agreement by furloughing then terminating a bargaining unit member while maintaining the employment of CW employees.  A copy of the grievance letter is attached as Exhibit C.

10.     The parties were unable to resolve the grievance and the matter was referred to the Committee. On June 13, 2025, the Committee conducted a grievance meeting to hear the dispute.

11.     The Union appeared at the meeting by representatives John Jacobs and Nick Campbell and the Company appeared at the meeting by representative Scott Flaugher.  Both the Union and the Company presented evidence and argument to the Committee in support of their respective positions.  The minutes of the hearing are attached as Exhibit D.

12.     At the close of the parties' case presentations, the Committee discussed and deliberated over the grievance in depth.

13.     Following deliberations, the Committee unanimously voted 6 – 0 in favor of the Union, awarding the Union's requested settlement of $1,024.64 in wages to the affected employee. Exhibit D, p. 2.

14.     The Committee's decision was reduced to writing and sent to the parties by email on July 17, 2025. A copy of the transmittal email is attached as Exhibit E.

15.     The Company responded by email on July 17, 2025, acknowledging receipt of the decision and responding that the "settlement" as ordered by the Committee "will not be paid."  A copy of the Company's response is attached as Exhibit F.

3

16.     The Company has failed to submit payment to the Union as required by the Committee's Decision and is therefore in violation of the Decision.

WHEREFORE, the Union requests that the Court enter a judgment which:

1.     Confirms and enforces the Labor Management Committee's Decision;

2.     Orders Veterans Electric, LLC to comply with the Decision and remit payment to the Union as required;

3.     Orders Veterans Electric, LLC to pay reasonable attorneys' fees and costs incurred by the Union in this action; and

4.     Grants such other further relief as the Court may deem just and proper.

Dated this 26th day of January, 2026.

s/ Jill M. Hartley
Jill M. Hartley (Wis. Bar 1027926)
jh@previant.com
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Phone:  (414) 271-4500
Fax:      (414) 271-6308

Attorneys for IBEW Local 494